IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IBEROAMERICANA DE HIDROCARBUROS S.A. | § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Case No. _____ |
| EXTERRAN CORPORATION, EXTERRAN ENERGY SOLUTIONS, L.P. and ANDREW WAY, | | |
| Defendants. | | |

## **DEFENDANTS' NOTICE OF REMOVAL**

Pursuant to 9 U.S.C. § 205, Defendants Exterran Energy Solutions, LP and Exterran Corporation ("Exterran") and Andrew Way (together with Exterran, "Defendants") file this Notice of Removal of the above-captioned matter.

### A. Introduction

1. This is the second time in six months that Plaintiff Iberoamericana de Hidrocarburos S.A. ("IHSA") filed a Texas state-court lawsuit against Defendants for the sole purpose of trying to evade an ongoing civil arbitration in Mexico. Defendants removed IHSA's previous lawsuit to federal court[1] and immediately moved to compel arbitration. IHSA promptly filed for voluntary dismissal.

2. Now, seeking a second bite at the apple, on May 11, 2021, IHSA filed a near-identical petition against Defendants in the 164th Judicial District Court of Harris County, Texas.

---

[1] *Iberoamericana de Hidrocarburos S.A. v. Exterran Energy Solutions, L.P. et al.*, C.A. No. 4:21-CV-00329, in the United States District Court for the Southern District of Texas, Houston Division.

1

*See* Ex. A, IHSA's Petition.

3. Stunningly, IHSA misrepresents to the Court—in italic font—that "Defendants did not pursue any civil action against IHSA." *See* Ex. A, at ¶ 12. This is blatantly false—***there is a pending civil arbitration between the parties***. Regardless of what IHSA chooses to represent to the Court, it cannot escape the fact that it is currently engaged in civil arbitration in Mexico, pursuant to the very contracts that underpin the allegations in IHSA's state-court petition. *See* ICC case no. 25918/JPA; *Exterran Energy de México, S. de R.L. de C.V. v. Iberoamericana de Hidrocarburos, S.A. de C.V.,* In the Court of Arbitration of the International Chamber of Commerce. Indeed, IHSA has asserted counterclaims in the arbitration related to the very same conduct at issue in the present lawsuit.

4. Accordingly, as discussed below, Defendants seek to remove this matter pursuant to the mandatory arbitration provisions in Exterran's contracts with IHSA, which are subject to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA").

5. Defendants remove this action under 9 U.S.C. § 205 because it "relates to" an arbitration agreement that "falls under" Chapter 2 of the FAA.

### B. Parties

6. IHSA is a Mexican citizen. *See* Ex. A, ¶ 1.

7. Exterran Corporation has not been properly served with IHSA's petition. IHSA alleges that Exterran's principal place of business is in Harris County, Texas. *See* Ex. A, ¶ 2.

8. Exterran Energy Solutions L.P. has not been properly served with IHSA's petition. IHSA alleges that Exterran's principal place of business is in Harris County, Texas. *See id.* ¶ 3.

9. Mr. Way accepted service of IHSA's Petition on May 13, 2021. IHSA alleges that Way resides in Harris County, Texas. *See id.* at ¶ 4.

### C.     Plaintiff's Lawsuit

10. IHSA alleges that Defendants tortiously interfered with IHSA's contracts and prospective contractual relations with PEMEX, the Mexican state-owned petroleum company. *Id.* at ¶ 18. IHSA alleges Defendants did so by filing criminal complaints concerning IHSA's actions in the Nejo Field. *Id.* at ¶ 12. To clarify: Exterran Mexico (not a Defendant here) filed criminal complaints in the aid of arbitration against IHSA to prevent IHSA from misappropriating and relocating equipment and infrastructure in the Nejo Field that was subject to an ongoing contract dispute between the parties. At the time, IHSA owed Exterran Energy Solutions L.P approximately US$ 22 million under the parties' contracts related to this equipment, infrastructure, and related services. The criminal complaints discuss in detail the contracts between the parties and the fee dispute.

11. That fee dispute is the very subject of the civil arbitration ongoing between IHSA and Exterran before the Court of Arbitration of the International Chamber of Commerce ("ICC"). The basis for both those fees and the current arbitration encompassing the fee dispute is found in a series of contracts between IHSA and various Exterran entities:

   a. Agreement between IHSA and Exterran Energy de México, S. de R.L. de C.V. related to gas compression services at three collection stations in Mexico, signed January 4, 2010 ("2010 Compression Agreement"; attached as Ex. B);

   b. Agreement between IHSA and Exterran Energy de México, S. de R.L. de C.V. related to gas conditioning services at the three collection stations in Mexico, signed June 16, 2017 ("2017 Conditioning Agreement"; attached as Ex. C);

   c. Amendment to the 2017 Conditioning Agreement, signed December 16, 2019 ("2019 Amendment"; attached as Ex. D); and

    d. Agreement between IHSA and Exterran Energy Solutions, L.P. related to the sale of one of the collection stations, signed January 15, 2020 ("2020 Agreement"; attached as Ex. E) (collectively with the other agreements, the "Agreements").

Each of the Agreements contains provisions explicitly calling for ICC arbitration in Mexico to resolve "any dispute" related to the agreements. Ex. B, § 36; Ex. C, § 35, p. 47 (no. 7); Ex. D, p. 11; and Ex. E, § 14.

    12.    Exterran Energy Solutions, LP's subsidiary, Exterran Energy de México, S. de R.L. de C.V., filed the ICC arbitration against IHSA on December 19, 2020. Exterran Energy Solutions, LP is also a party to the arbitration. *See* Ex. F, Feb. 22, 2021 Amended Request for Arbitration.

    13.    Notably, IHSA has asserted counterclaims in the arbitration related to the alleged effect the criminal complaints have had on IHSA's operations. The criminal complaints are attached hereto as Exhibits G and H.

    14.    Defendants remove this action under 9 U.S.C. § 205 because it "relates to" an arbitration agreement that "falls under" Chapter 2 of the Federal Arbitration Act ("FAA"). 9 U.S.C. § 205.

### D.    This Case in Removable

    15.    The United States is a party to the New York Convention on the Recognition of Foreign Arbitral Awards (the "Convention"), which was incorporated into federal law by enabling legislation codified in Chapter 2 of the FAA. 9 U.S.C. §§ 201, *et seq*. Chapter 2 grants federal courts both original and removal jurisdiction over cases related to arbitration agreements that fall under the Convention. *See* 9 U.S.C. §§ 203, 205.

    16.    Specifically, 9 U.S.C. § 205 provides:

> Where the subject matter of an action or proceeding pending in a State court **relates to an arbitration agreement** or award **falling under the Convention**, the

4

>    defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal. For the purposes of Chapter 1 of this title any action or proceeding removed under this section shall be deemed to have been brought in the district court to which it is removed.

(emphasis added).

17. Removals under 9 U.S.C. § 205 are immune from the general rule construing statutes strictly against removal because "in these instances, Congress created special removal rights to channel cases into federal court." *Acosta v. Master Maintenance & Const. Inc.*, 452 F.3d 373, 377 (5th Cir. 2006) (quoting *McDermott Int'l Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1207-08 (5th Cir. 1991)). Additionally, the plain language of 9 U.S.C. § 205 provides for removal on the basis of notice alone, thereby negating the normal requirements for removal under the well-pled complaint rule. 9 U.S.C. § 205 (stating that "the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal"); *see also Beiser v. Weyler*, 284 F.3d 665, 671 (5th Cir. 2002) (noting the same).

18. The Fifth Circuit has emphasized that the phrase "relates to" in 9 U.S.C. § 205 is an exceptionally "low bar" for removal, holding that a plaintiff's state-court action sufficiently relates to an arbitration agreement whenever it "*could conceivably affect* the outcome of the plaintiff's case" and that, accordingly, "the district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense." *Id.* at 669 (emphasis added). "As long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case." *Id*.

19. This standard is satisfied here because the Agreements unequivocally contain arbitration clauses falling under the Convention. IHSA's suit not only relates to the Agreements, it is inextricably intertwined with the ongoing ICC arbitration involving those Agreements. Furthermore, developing IHSA's case would necessarily involve discussing the underlying fee dispute that is tied to the Agreements, and the contractual relationship between the parties in the Nejo Field. There is no question that, at minimum, the Agreements could "conceivably affect" IHSA's case against Defendants.

20. To fall under the Convention, an arbitration agreement must involve at least one non-U.S. citizen and arise out of a "legal relationship, whether contractual or not, which is considered as commercial." 9 U.S.C. § 202. The Fifth Circuit has interpreted this provision to mean that an arbitration agreement falls under the Convention when "(1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen." *LIM v. OffShore Specialty Fabricators, Inc.*, 404 F.3d 898, 903 (5th Cir. 2005).

21. The Agreements easily meet this standard:

   a. They are agreements in writing to arbitrate. Ex. B, § 36; Ex. C, § 35, p. 47 (no. 7); Ex. D, p. 11; and Ex. E, § 14. They provide for ICC arbitration in Mexico, which is a signatory to the Convention.[2] Ex. B, § 37; Ex. C, § 35, p. 47 (no. 7); Ex. D, p. 11; and Ex. E, § 14.

---

[2] For a list of signatories to the Convention, see *The New York Arbitration Convention on the Recognition and Enforcement of Foreign Arbitral Awards, New York, 10 June 1958: Contracting States*, NEW YORK ARBITRATION CONVENTION, http://www.newyorkconvention.org/countries (last visited Jan. 28, 2021).

    b. They arise out of a commercial legal relationship because the Agreements are contracts between IHSA and Exterran and its subsidiaries related to gas conditioning and compression services and the sale of a gas collection station. Ex. B, § 3; Ex. C, §§ 3, 4; Ex. D, §§ 2, 3; and Ex. E, § 2.

    c. They involve at least one non-US citizen because each was executed by IHSA, a Mexican citizen. Ex. B, § I.1; Ex. C, § I.1 (p.5); Ex. D, § I.A; and Ex. E, § I.A.

22. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division under 9 U.S.C. § 205 because this is the district and division embracing the place where the action or proceeding is pending.

23. The time within which the Defendants are required to file this Notice of Removal has not yet expired because a trial has not yet commenced in the State Court Action. *See* 9 U.S.C. § 205 (providing that defendants may remove an action "at any time before the trial thereof").

24. Accordingly, removal is proper under 9 U.S.C. § 205.

### E. Additional Procedural Matters

25. Upon filing this Notice of Removal, Defendants will properly serve IHSA with written notice of such removal and will file a Notice of Removal in the state court action.

26. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, Defendants have attached the following:

    a. The docket sheet;

    b. All executed process in the case;

    b. All pleadings asserting causes of action;

    c. All orders signed by the state judge;

    d. An index of matters being filed;

e.       A list of all counsel of record, including addresses, telephone numbers and parties represented.

    Respectfully submitted,

    **KING & SPALDING LLP**

    /s/ Craig Miles
    Craig S. Miles
    TX Bar No. 00797079
    cmiles@kslaw.com
    Jeremiah J. Anderson
    TX. Bar No. 24040432
    jjanderson@kslaw.com
    1100 Louisiana, Suite 4000
    Houston, Texas 77002
    Telephone: (713) 751-3200
    Facsimile: (713) 751-3290

    ***ATTORNEYS FOR EXTERRAN ENERGY SOLUTIONS, LIMITED PARTNERSHIP, EXTERRAN CORPORATION, AND ANDREW WAY***

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 7th day of June, 2021, a true and correct copy of the foregoing has been forwarded via the CM/ECF system to all counsel of record as follows:

Terrell W. Oxford
Susman Godfrey L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Phone: 713-651-9366
toxford@susmangodfrey.com

                                          */s/ Craig Miles*